E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 25 2021 2:43 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-05501-1

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| CRYSTAL GAIL PILA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN JIMINEZ and "JANE DOE" JIMINEZ, husband and wife and the marital community comprised thereof; NEW WORLD VAN LINES OF CALIFORNIA, a California corporation; and NEW WORLD LIMITED, L.P., an Illinois corporation.<br><br>Defendants. | NO. 21-2-05501-1<br><br>**AMENDED COMPLAINT** |

COMES NOW the plaintiff, by and through her attorney of record, Mark W. Watson of The Law Office of Mark W. Watson, P.S., and for causes of action against the above-named defendants, hereby alleges as follows:

**I.**

**PARTIES**

1.1 Plaintiff CRYSTAL GAIL PILA is a single individual residing in Pierce County, State of Washington.

1.2 The defendants BRIAN JIMINEZ and "JANE DOE" JIMINEZ are believed to be, and are therefore alleged to be, residents of Riverside County, State of California, and they were husband and wife at the time of the motor vehicle incident referenced below. All acts of these defendants complained of herein were done both individually and for the benefit of the marital community.

1.3 Defendant NEW WORLD VAN LINES OF CALIFORNIA, is a California corporation that is authorized to, and does, transact business in various counties including, based

THE LAW OFFICE OF MARK W. WATSON, P.S.
3623 S. 12TH STREET
TACOMA, WASHINGTON 98405
253-926-8437
FAX 253-301-2167

upon information and belief, Pierce County, State of Washington.

1.4 Defendant NEW WORLD LIMITED, L.P., is an Illinois corporation that is authorized to, and does, transact business in various counties including, based on information and belief, Pierce County, State of Washington.

1.5 All of the entities named as defendants herein will be referred to as "New World Van Lines" throughout the rest of this complaint.

## II.

## JURISDICTION/VENUE

2.1 Plaintiff realleges each and every allegation contained in paragraphs 1.1 through 1.5 herein.

2.2 At all times material hereto, plaintiff was a resident of Pierce County, State of Washington.

2.3 At the time of commencing this action, defendants BRIAN JIMINEZ and "JANE DOE" JIMINEZ were residents of Riverside County, State of California.

2.4 At all times material hereto, all of the "New World Van Lines" defendants were, based on information and belief, authorized to, and did, transact business in Pierce County, State of Washington.

2.5. All acts of all defendants giving rise to plaintiff's causes of action occurred in Pierce County, State of Washington.

2.6 Jurisdiction and venue are proper in Pierce County Superior Court, State of Washington.

## III.

## FACTS

3.1 Plaintiff realleges each and every allegation contained in paragraphs 1.1 through 2.6 herein.

3.2 On or about April 14, 2018, plaintiff CRYSTAL PILA was driving her motor vehicle in a safe and lawful manner in Pierce County, State of Washington.

3.3 On or about April 14, 2018, defendant BRIAN JIMINEZ was permissively operating a vehicle registered to one or more of the "New World Van Lines" defendants, with said vehicle

having Illinois license plate number P 708453, and VIN 1FUJBBCK57PX36790.

3.4 On or about April 14, 2018, defendant BRIAN JIMINEZ was an employee of one or more of the "New World Van Lines" defendants.

3.5 At the time of the collision hereinafter referred to in this complaint, defendant BRIAN JIMINEZ was acting in the course and scope of his employment with one or more of the "New World Van Lines" defendants, and he was furthering the interest of said employer(s).

3.6 As a result of defendant BRIAN JIMINEZ's tortious operation of the motor vehicle he was operating on or about April 14, 2018, that motor vehicle did strike the motor vehicle being driven by plaintiff CRYSTAL GAIL PILA.

## IV

## DUTY/BREACH/PROXIMATE CAUSE

4.1 Plaintiff realleges each and every allegation contained in paragraphs 1.1 through 3.6 herein.

4.2 At the time of the motor vehicle collision set forth above, defendant BRIAN JIMINEZ was under a duty to exercise due care and caution in the operation of motor vehicles, and to maintain control of said vehicles at all times. Said duties were for the safety and benefit of all other motor vehicles and occupants, including plaintiff CRYSTAL GAIL PILA.

4.3 At the time of the motor vehicle collision set forth above, defendants "New World Van Lines" were under a duty to properly hire, train, and/or supervise their employees such that said employees would not tortiously operate a vehicle in such a way as to collide with vehicles being driven by others. Said duties were fore the safety and benefit of all motor vehicle occupants, including plaintiff CRYSTAL GAIL PILA.

4.4 Defendant BRIAN JIMINEZ breached his duties of care by operating the subject vehicle in a tortious manner.

4.5 Defendants "New World Van Lines" breached its/their duties of care by failing to properly hire, train and/or supervise their employees, including defendant BRIAN JIMINEZ.

4.6 Defendants "New World Van Lines" are liable to the plaintiff under one or more vicarious liability theories, including but not limited to, respondeat superior, negligent entrustment, and agency theories.

4.7 As a direct and proximate result of all the defendants' tortious conduct, the plaintiff has sustained damages as more fully set forth below.

## V.

## DAMAGES

5.1 Plaintiff realleges each and every allegation contained in paragraphs 1.1 through 4.7 herein.

5.2 As a direct and proximate result of all Defendants' tortious conduct, Plaintiff has suffered, and will continue to suffer for an indefinite period of time, all or some of the following damages:

a. Severe, permanent and debilitating injuries;

b. Reasonable and necessary expenses, both past and future, for physicians and hospitalization, as well as other care and treatment for injuries in an amount to be proven at the time of trial;

c. Lost wages, past and future, as well as impaired earnings capacity in an amount to be proven at the time of trial;

d. Out of pocket expenses;

e. Severe physical and mental pain, suffering and humiliation, both past and future;

f. Loss of capacity and ability to enjoy life;

g. An increased susceptibility to additional injuries in the future; and

h. Loss of pre-judgment interest on all economic damages.

WHEREFORE, Plaintiff prays for relief against all Defendants, jointly and/or severally, for such sums of money as will reasonably and justly compensate the Plaintiff for her damages sustained as hereinabove alleged, together with costs, pre-judgment interest, reasonable attorney fees, and for such other and further relief as the court deems just and proper in the premises.

DATED this 25 day of May, 2021.

**THE LAW OFFICE OF MARK W. WATSON, P.S.**

By: ______________________________

**MARK W. WATSON, #24260**
Attorney for Plaintiff